**Case No. 25-20347**

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**UNITED STATES OF AMERICA,**
**Plaintiff- Appellee**

**v.**

**ERICA MACK**
**Defendant- Appellant**

On Appeal from the United States District Court
Southern District of Texas, Houston Division,
Cause No. 4:23-CR-397-7
The Honorable Alfred H. Bennett, Presiding

# APPELLANT'S BRIEF

LAW OFFICE OF ROMY B. KAPLAN

By: *<u>/s/ Romy B. Kaplan</u>*
Romy B. Kaplan
Texas Bar 24077851
5300 Memorial Drive, Suite 750
Houston, TX 77007
Office: 281-969-3725
RomyBK@makethemproveit.com

# CERTIFICATE OF INTERESTED PERSONS

## Fifth Circuit No. 25-20347

UNITED STATES OF AMERICA, Plaintiff- Appellee

v.

ERICA MACK, Defendant- Appellant

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

**Judges**

1. The Honorable Alfred H. Bennett, United States District Judge
2. The Honorable Yvonne Y. Ho, United States Magistrate Judge

**Parties**

3. United States of America, Plaintiff- Appellee
4. Erica Mack, Defendant-Appellant

**Counsel**

5. Counsel for Plaintiff-Appellee

   United States Attorneys Nicholas J. Ganjei, United States Attorney Southern District of Texas, Assistant United States Attorneys Jennifer K. Weinhold and Jodi Leigh Anton (in the District Court) and Carmen Castillo Mitchell (on appeal).

6. Counsel for Defendant-Appellant Mack

Romy B. Kaplan (in the District Court and on appeal).

These representations are made in order that the Judges of this court may evaluate possible disqualification or recusal.

*/s/ Romy B. Kaplan*
Romy B. Kaplan

## REQUEST FOR ORAL ARGUMENT

Oral argument would assist the Court in resolving the issue presented on appeal. Defendant-Appellant therefore respectfully requests oral arguments. FED. R. APP. P. 34(a) and (f) and 5TH CIR. R. 34.2.

# TABLE OF CONTENTS

Page
Certificate of Interested Persons....ii
Request for Oral Argument....iv
Table of Contents....v
Table of Authorities....vi
Statement of Jurisdiction....1
Statement of the Issues....1
Statement of the Case....1
Summary of the Argument....3
Argument....5
ISSUE ONE RESTATED....5
Standard of Review....5
Argument....6
ISSUE TWO RESTATED....18
Standard of Review....18
Argument....18
Conclusion....20
Certificate of Service....21
Certificate of Compliance....22

## TABLE OF AUTHORITIES

*United States v. Cedillo–Narvaez*,
761 F.3d 397, 401 (5th Cir.2014)……………………………………………..5, 18
*United States v Griffith,*
522 F. 3d 607, 612 (5th Cir. 2008)…………………………………..8, 11, 12
*United States v. Devine,*
934 F.2d 1325, 1340 (5th Cir.1991)……………………………………..6, 18
*United States v. Diaz,*
884 F. 3d 911, 917 (9th Cir. 2018)………………………………………..8
*United States v. Harrell,*
629 F. App'x 603, 605–06 (5th Cir. 2015, unpublished)…………………...10
*United States v. Leal-Mendoza,*
281 F.3d 473, 477 (5th Cir. 2002)…………………………………………14
*United States v. Lewis,*
476 F. 3d 369 (5th Cir. 2007)…………………………………………..11, 12, 14
*United States v. Matthews,*
168 F.3d 1234, 1249 (11th Cir. 1999)……………………………………15
*United States v. Petti,*
973 F.2d 1441 (9th Cir. 1992)…………………………………………14, 15
*United States v. Villanueva,*
408 F.3d 193, 203 (5th Cir. 2005)……………………………………..5, 18
*United States v. Whiting,*
522 F.3d 845, 851 (8th Cir. 2008)…………………………………………15

**<u>Statutes</u>**

18 U.S.C.A. § 3742……………………………………………………………1
21 U.S.C.A. § 846…………………………………………………………...2

**<u>United States Sentencing Guidelines</u>**

§ 2D1.1(a)(5)…………………………………………………1, 18, 19, 20, 21
§ 2D1.1(b)(17)……………………………………...1, 2, 3, 4, 18, 19, 20, 21
§ 2D1.1(b)(17)(B)………………………………………………………20
§ 3B1.1……………………………………………………………………11
§ 3B1.2…………………...1, 2, 3, 4, 5, 6, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21
§ 3B1.2 cmt. n. 3(A)……………………………………………………..6
§ 3B1.2 cmt. n. 3(C)………………………………………6, 7, 13, 14, 17
§ 3B1.2 cmt. n. 3(C)(i)…………………………………………………..7
§ 3B1.2 cmt. n. 3(C)(ii)………………………………………………….9

§ 3B1.2 cmt. n. 3(C)(iii)……………………………………………………..10
§ 3B1.2 cmt. n. 3(C)(iv)……………………………………………………...11
§ 3B1.2 cmt. n. 3(C)(v)………………………………………………………13
§ 3B1.2 cmt. n. 4………………………………………………………………6
§ 3B1.2 cmt. n. 5………………………………………………………………6
Amendment Commentaries 635 (enacted November 27, 2001)……………….5, 16
755 (released April 28, 2011, effective amendment November 1, 2011)……...5, 16
794 (released April 30, 2014, effective amendment November 1, 2015)……...5, 17
Amendments to the Sentencing Guidelines (released April 30, 2025)…………5, 17

**Rules**

FED. R. APP. P. 4(b)(1)(A)……………………………..……………………..1

## STATEMENT OF JURISDICTION

This Court's jurisdiction is invoked under 18 U.S.C.A. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

Final judgment was entered on August 12, 2025. (ROA. 25-20347.137-142). Appellant filed notice of appeal on August 15, 2025. (ROA. 25-20347.145-146). On October 31, 2025, the Court granted an extension for Appellant to December 3, 2025. The appeal was therefore timely filed. *See* FED. R. APP. P. 4(b)(1)(A).

## STATEMENT OF THE ISSUES

**ISSUE ONE**: Whether the district court erred in failing to grant a mitigating role, minimal participant or minor participant, adjustment to Ms. Mack's offense level pursuant to U.S.S.G. § 3B1.2.

**ISSUE TWO**: Whether the district court erred in failing to grant an offense level reduction to Ms. Mack's offense level pursuant to U.S.S.G. §2D1.1(b)(17) and §2D1.1(a)(5).

## STATEMENT OF THE CASE

Co-Defendants Pervis Derek Henry III, Gerald Wayne Duncan, Trevonte Bell, Javon Daniels, Darrell Dewayne Gray, Pervis Derek Henry Jr., Erica Mack, Arthur Lee Wafer, Damarcus Williams, Randy Carl Dixon, and Broderick East

were indicted for one count of conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.SC. §846. (ROA. 25-20347.12-19). Every co-Defendant was indicted for a substantive drug or firearm offense except for Erica Mack, Broderick East, and Pervis Henry Jr. Erica Mack was never charged with possession with intent to distribute a controlled substance, manufacturing controlled substances, or possessing a firearm in furtherance of drug trafficking offense. Erica Mack pled guilty for her role in the conspiracy to possesses with intent to distribute controlled substances on March 4, 2025. (ROA. 25-20347.123).

Erica Mack objected to not receiving a mitigating role reduction under §3B1.2 and §2D1.1(b)(17). The Court overruled any mitigating role reduction under §3B1.2 and as a consequence overruled §2D1.1(b)(17). (ROA. 25-20347.168). The Court determined that Erica Mack's final guidelines calculation was a total offense level of 35 and criminal history category was I. (ROA. 25-20347.174-175).

The Honorable Judge Bennett ruled that a downward departure was warranted and sentenced Erica Mack to 108 months in the custody of the Bureau of Prisons. (ROA. 25-20347.182). The District Court explained that:

> The Court has a defendant with a minimum criminal history. In this case, the Criminal History Category I. In addition, the Court has heard the defendant's expression of remorse, a more detailed explanation of her participation in the scheme from

> defense counsel, which the Court also takes into consideration for purposes of sentencing. Also, the Court notes, however, the seriousness of this crime and the impact that these drugs have had in our community. With these factors and considerations, the Court adopts the factual findings and guidelines applications in the presentence report.

(ROA. 25-20347.182).

At the time of drafting this appeal, the following co-Defendants have pled guilty and been sentenced for their roles in the offense:

1)Henry III sentenced to 192 months for Count 2 and Count 3
Count 2: Possession with Intent to Distribute Controlled Substance
Count 3: Possession of a Firearm in Furtherance of Drug Trafficking Offense

3)Bell sentenced to 84 months for Count 4
Count 4: Possession with Intent to Distribute Controlled Substance

4)Daniels sentenced to 28 months for Count 5
Count 5: Possession with Intent to Distribute Controlled Substance

5)Gray sentenced to 102 months for Count 7
Count 7: Possession with Intent to Distribute Controlled Substance

8)Wafer sentenced to 156 months for Count 7
Count 7: Possession with Intent to Distribute Controlled Substance

## SUMMARY OF THE ARGUMENT

Erica Mack was a minimal or minor participant in Henry III's drug operation under §3B1.2 and §2D1.1(b)(17). The district court erred when it overruled her objections to a mitigating role offense level reduction.

Erica Mack was in a tumultuous relationship with Henry III where he used her kindness and trust for his personal gain. Erica Mack was generally, superficially aware of some of Henry III's conduct using her name, funds, and email address to purchase pill-press machine parts and filler ingredients. Erica Mack's general passive knowledge of criminal conduct existed because Henry, III informed her of what was going on or that he needed something for his operation. In reality, her login, password, and financial information was saved on Henry III devices in order to purchase items in Erica Mack's name for his drug operation.

Erica Mack is a talented custom dressmaker with no knowledge or experience with pill-pressing machines, drug manufacturing, or narcotics transactions or trafficking. No evidence exists that Erica Mack setup or participated in any drug transaction or pressed a single pill. No evidence exists that Erica Mack had any knowledge of Henry III's day-to-day drug operations without being told by Henry III and even then, he only shared half-truths centered around obtaining whatever he needed from Erica Mack. Evidence was presented that Henry III and Duncan leased and operated an apartment for the sole purpose of manufacturing the narcotics, which preceded Ms. Mack's involvement, and she was not a leaseholder of the apartment. (ROA.25-20347.176). Erica Mack did not financially benefit from Henry III's drug operation and was involved in the conspiracy only because of having a child together. (ROA. 25-20347.356).

The District Court erred not only overruling her objections to receiving a minimal participant reduction in both §3B1.2 and §2D1.1(b)(17), but also failed to follow the United States Sentencing Commission commentary on the need for greater minimal participant reduction application to federal sentences. U.S.S.G. Amendment Commentaries 635 (enacted November 27, 2001), 755 (released April 28, 2011, effective amendment November 1, 2011), 794 (released April 30, 2014, effective amendment November 1, 2015), and most recently, Amendments to the Sentencing Guidelines and commentaries released April 30, 2025 to be enacted November 1, 2025, describe that District Court's do not apply §3B1.2 Mitigating Role adjustments enough to "result in a sustained increase in application of the mitigating role adjustment in §2D1.1 cases." Amendments to the Sentencing Guidelines, released April 30, 2025, p. 10, www.ussc.gov.

## ARGUMENT

**ISSUE ONE RESTATED**: Whether the district court erred in failing to grant a mitigating role, minimal participant or minor participant, adjustment to Ms. Mack's offense level pursuant to U.S.S.G. § 3B1.2.

**Standard of Review**

Generally, this Court reviews a District Court's application of the Sentencing Guidelines de novo. *United States v. Cedillo–Narvaez,* 761 F.3d 397, 401 (5th

Cir.2014). "Whether [a defendant] was a minor or minimal participant is a factual determination that we review for clear error." *United States v. Villanueva,* 408 F.3d 193, 203 (5th Cir.2005). The district court's refusal to grant a reduction for minimal or minor participant status is entitled to great deference. *United States v. Devine,* 934 F.2d 1325, 1340 (5th Cir.1991).

**Argument**

Erica Mack was a minimal participant under U.S.S.G §3B1.2. The district court committed clear error when it overruled her objection to a reduction under §3B1.2.

U.S.S.G. § 3B1.2, "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group" and demonstrates a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* cmt. n. 4. A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* cmt. n. 5. A minimal participant's offense level is reduced by four levels; a minor participant's, by two levels. U.S.S.G. § 3B1.2(a), (b).

U.S.S.G. § 3B1.2 cmt. n. 3(C)(i-v) provides a non-exhaustive list of factors for the Court to consider:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> **(i)** the degree to which the defendant understood the scope and structure of the criminal activity;
> **(ii)** the degree to which the defendant participated in planning or organizing the criminal activity;
> **(iii)** the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> **(iv)** the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> **(v)** the degree to which the defendant stood to benefit from the criminal activity.
> …
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2 cmt. n. 3(C)(i-v).

Erica Mack's PSR contained a significant concession by the Government that supported a minimal or minor participant finding:

> These items were purchased **at the directions of** her partner, Henry, III, for the operation of the drug lab **he** ran out of the Airport Road address. … It appears Mack engaged in the offense **at Henry, III's direction** and **did not have any significant decision-making authority** in the offense.

(ROA. 25-20347.216-217) (emphasis added).

U.S.S.G. § 3B1.2 cmt. n. 3(C)(i) *the degree to which the defendant understood the scope and structure of the criminal activity*;

There is no evidence to support the notion Ms. Mack understood the scope of Henry III's and Duncan's drug operation. To the contrary, all the evidence indicates she was lied to by Henry III throughout the relevant time period. It was impossible for Erica Mack to be informed of Henry III's drug operation as he withheld most of his business dealings from her. (ROA.25-20347.237).

Additionally, Erica Mack is a dressmaker with *de minimus* criminal history and no knowledge of drugs, drug manufacturing, or the scope and structure of the criminal activity. By way of example, Erica Mack's facts are unlike the facts in *United States v. Griffith*, 522 F. 3d 607, 612 (5th Cir. 2008), where a denial of mitigating role adjustment affirmed for a co-defendant who "…organized the cooking of, and sold, methamphetamine…recruited accomplices, claimed a share of methamphetamine proceeds, or exercised control over others.". All the activities of the defendants in *Griffith* demonstrate an understanding of the scope of the criminal enterprise unlike the Appellant.

The District Court's denial of a mitigating role reduction under §3B1.2 conflicts with *United States v. Diaz*, 884 F. 3d 911, 917 (9th Cir. 2018)("[w]hen a defendant knows little about the scope and structure of the criminal enterprise in which he was involved, that fact weighs in favor of granting a minor-role adjustment."]

The idea that Erica Mack had any real understanding of Henry III's drug operation belies the facts of the case. Denying Erica Mack's mitigating role adjustment under §3B1.2 places her role in the conspiracy as one who performed substantially more significant acts as those performed in *Griffith*. Lastly, Erica Mack was never charged with possessing any controlled substances nor possessed any raw controlled substances to be used in pill manufacturing. This factor favors the Appellant.

U.S.S.G. § 3B1.2 cmt. n. 3(C) (ii) *the degree to which the defendant participated in planning or organizing the criminal activity*;

There is no evidence Erica Mack participated in planning or organizing any aspect of Henry III and Duncan's drug operation. Her minimal role was allowing Henry III to make purchases of machine parts and fillers by using her name, emails, and funds from LFA. After all, "[t]hese items were purchased at the direction of her partner, Henry III, for the operation of the drug lab he ran…" (ROA.25-20347.277). She never engaged in any drug deals nor handled any controlled substances. Her participation was limited to providing materials to support Henry III and Duncan's business that they planned and operated. (ROA.25-20347.238). No evidence of her planning or organizing was ever presented to the Court.

As of filing, six total defendants, including the Appellant, have been sentenced for their roles in this case. All five defendants were sentenced for

possession with intent to distribute controlled substance and one count of possession of a firearm in furtherance of a drug trafficking offense. Those already sentenced defendants, ie Daniels' 28 month sentence, Bell's 84 month sentence, and Gray's 102 month sentence for possession with intent to distribute a controlled substance, are significantly more culpable than the Appellant.

The facts of this case stand in contrast to the facts in *United States v. Harrell*, 629 F. App'x 603, 605–06 (5th Cir. 2015, unpublished) where a minimal participant reduction was denied to a defendant who, "…agreed to try to find someone to stop the postal van, recruited Blake into the conspiracy, and attended several meetings in preparation for the robbery. He also went to the scene of the robbery and to the offloading location in hopes of receiving some of the proceeds." The trial court's denial of a minimal or minor participant role reduction, places Erica Mack's non-participation of planning or organizing the criminal activity in the same quantum of facts as described in *Harrell*. This factor favors the Appellant.

U.S.S.G. § 3B1.2 cmt. n. 3(C)(iii) *the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority*;

The Government, the PSR, and Appellant agree: Erica Mack "…engaged in the offense at Henry, III's direction and did not have any significant decision-making authority in the offense." (ROA. 25-20347.216-217). She had no authority nor an ability to exert influence on her boyfriend's drug operation. This factor favors the Appellant.

U.S.S.G. § 3B1.2 cmt. n. 3(C)(iv) *the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts*;

As previously discussed, the PSR failed to distinguish Erica Mack's actions versus what was done by Henry, III in her name, using her funds, and her email account. Erica Mack was generally, superficially aware of some of Henry, III's conduct using her name, funds, and email to make purchases from LFA Machines but certainly lacked the discretion and responsibility for making those purchases on her own since "…items were purchased at the direction of her partner, Henry, III…" (ROA.25-20347.277). Ms. Mack has never been connected to any drug transactions. Ms. Mack had no responsibilities in Henry III's operation. Ms. Mack's email and finances were a vessel that allowed Henry III's drug operation to exist. (ROA. 25-20347.238-239).

In *United States v. Lewis*, 476 F. 3d 369 (5th Cir. 2007) and discussed in *U.S. v Griffith*, supra, an enhancement was analyzed under similar factors for an organizer or leader enhancement denial under U.S.S.G. §3B1.1. The 5th Circuit held that Griffith's:

> involvement in the methamphetamine trade was minor. As described above, the evidence regarding Griffith's methamphetamine participation indicated that he sold methamphetamine fronted by Hines, Jr., for a month and sold methamphetamine from Bidwell's house on five occasions. There was no evidence that Griffith exercised authority over either man in these transactions. There is no evidence that

> Griffith recruited accomplices or claimed a share of methamphetamine being produced and sold by other members of the Aryan Circle. There is also no evidence that Griffith took part in meetings at which arrangements were made for gathering precursors and setting up cooks.

*Lewis*, 476 F. 3d at 389.

The Court in *U.S. v Griffith*, supra, discussing co-defendant Lewis' conduct, wrote that:

> Even if we did determine in *Lewis* that Griffith's participation was minor as defined in U.S.S.G. § 3B1.2 (2004), that determination would not extend to Lewis. We said there was no evidence that Griffith recruited accomplices, claimed a share of methamphetamine proceeds, or exercised control over others. *Lewis,* 476 F.3d at 389. As the above evidence demonstrates, there is certainly evidence Lewis did all the above.

*Griffith*, 522 F.3d at 612.

Erica Mack's participation in the conspiracy is significantly less than the activities discussed in *Griffith*, *Lewis*, and *Harrell*. Erica Mack is the least culpable of the participants in the criminal enterprise.

It is undisputed that Erica Mack had no responsibility or discretion in Henry III's drug operation as her role was limited to allowing Henry III to use her email, funds, and name to purchase machine parts and fillers. Her limited participation is not in dispute. In fact, Henry III's drug operation was operating before the Appellant met and he was able to do so without the Appellant's participation

Even if the Government's unsupported assertion that "Henry III would have been unable to operate his Airport Boulevard drug lab without Ms. Mack's participation", she is still eligible for a mitigating role reduction under §3B1.2. See U.S.S.G. § 3B1.2 cmt. n. 3(C)("The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.")

By way of example of how limited Erica Mack's role was, the PSR's relevant conduct discussion was forty paragraphs covering all co-Defendants and Erica Mack appears in six of those forty paragraphs. (ROA.25-20347.203-229 & ROA.25-20347.264-290). Erica Mack's role in the conspiracy demonstrated that she was the least culpable participant in the criminal activity when compared to her co-Defendants.

U.S.S.G. § 3B1.2 cmt. n. 3(C)(v) *the degree to which the defendant stood to benefit from the criminal activity*

Erica Mack did not benefit from the criminal activity. Not only has it cost her freedom and the ability to raise her three children, but she lost money being used by Henry III's drug operation. As discussed in (ROA.25-20347.356), Erica Mack did not benefit at all from her participation in Henry III's drug operation. In fact, evidence showed that Henry III withheld money generated from the drug operation when he, "…started keeping that money different…that's why I started

keeping that money separate." (ROA. 25-20347.356). This is evidence that she did not benefit from the conspiracy, but also that she was kept out of the loop of Henry III's drug operation.

Unlike in *Lewis*, where, "[t]here was no evidence that Griffith…claimed a share in the methamphetamine being produced and sold…" *Lewis*, 476 F. 3d at 389; and unlike *United States v. Leal-Mendoza*, 281 F.3d 473, 477 (5th Cir. 2002), where "…Leal and Galindo were paid a substantial sum and moved a large quantity of drugs….", Erica Mack did not "have a proprietary interest in the criminal activity". Erica Mack was not even paid nor reimbursed for her role in the conspiracy. As a result, this factor favors the Appellant.

Applying the non-exhaustive factors in U.S.S.G. § 3B1.2 cmt. n. 3(C) to the facts in Erica Mack's case, the District Court committed clear error in overruling her objection seeking a minimal participant or minor participant role reduction under §3B1.2.

Other Courts of Appeals precedents are persuasive that a mitigating role adjustment under §3B1.2 should have been applied to the Appellant. A minimal participant role reduction was granted in the district court and upheld on appeal in *United States v. Petti*, 973 F.2d 1441 (9th Cir. 1992)(sentence vacated and remanded for other reasons). The Government claimed that Petti was not entitled to a minimal participant role reduction because "he understood the full scope of the

conspiracy and willingly participated in it." *Petti*, 973 F.2d at 1447. In affirming the district court's minimal participant role reduction, the Court explained:

> But while a lack of knowledge could support a finding of minimal participation, something more than a complete absence of understanding does not necessarily preclude such a finding. Although the government lists "critical functions" Petti performed as a member of the conspiracy, it concedes that 'he was not involved in the actual 'smurfing' of the money into the banks, or privy to all the mechanics of the laundering operation,' and that his role was "subordinate" to Silberman's.

*Petti*, 973 F.2d at 1447.

A minor role reduction was awarded to a defendant who "was heavily involved in Chico Moore's regular Laurel Hill deals and cocaine purchasing trips…sold [to a witness], and at least five other persons, cocaine for personal use and redistribution over a two-year period." *United States v. Matthews*, 168 F.3d 1234, 1249 (11th Cir.). A minor participant role reduction was granted to a Defendant who "…knew that [co-defendant] had manufactured crack in the house during his visit, observed customers come and go, handed drugs to two customers, drove to a drug deal, and knew of and moved the guns around the house." *United States v. Whiting*, 522 F.3d 845, 851 (8th Cir. 2008).

The clear error failing to grant a mitigating role reduction under §3B1.2 is unfortunately in line with circuit precedent but stands in stark contrast to the empirical and research driven prerogative of the United States Sentencing Commission. The United States Sentencing Guideline §3B1.2 was enacted on

November 1, 1987 and amended §3B1.2 to provide for minimal participant role reduction on November 1, 2001. *See* U.S.S.C. Amendment 635 (https://www.ussc.gov/guidelines/amendment/635). U.S.S.C. amended §3B1.2 when it deleted "…the sentence, 'It is intended that the downward adjustment for a minimal participant will be used infrequently'. The Commission determined that these two sentences are unnecessary and may have the unintended effect of discouraging courts from applying the mitigating role adjustment in otherwise appropriate circumstances." See U.S.S.C. Amendment 755 (https://www.ussc.gov/guidelines/amendment/755).

The U.S.S.C. further amended §3B1.2, effective on November 1, 2015 because:

> In drug cases, the Commission's study confirmed that mitigating role is applied inconsistently to drug defendants who performed similar low-level functions (and that rates of application vary widely from district to district).
>
> ….
>
> This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies. Specifically, it addresses a circuit conflict and other case law that may be discouraging courts from applying the adjustment in otherwise appropriate circumstances.
>
> ….
>
> Next, the amendment addresses cases in which the defendant was "integral" or "indispensable" to the commission of the offense. Public comment suggested, and a review of case law confirmed, that in some cases a defendant may be denied a mitigating role adjustment solely because he or she was "integral" or "indispensable" to the commission of the offense. … However, a finding that the defendant was essential

> to the offense does not alter the requirement, expressed in Note 3(A), that the court must assess the defendant's culpability relative to the average participant in the offense. Accordingly, the amendment revises the commentary to emphasize that "the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative" and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible.

*See* U.S.S.C. Amendment 794 (https://www.ussc.gov/guidelines/amendment/794).

On November 1, 2025, the U.S.S.C.'s frustration that §3B1.2 mitigating role adjustment was still not being applied by district courts sufficiently was reflected in the latest round of United States Sentencing Guidelines amendments. The Commission wrote,

> The Commission previously amended the Commentary to §3B1.2 to increase its usage (see, e.g., USSG App. C, amend. 794 (effective Nov. 1, 2015)). However, Commission data shows that the prior amendment did not result in a sustained increase in application of the mitigating role adjustment in §2D1.1 cases. Commission data show that when §3B1.2 is applied in §2D1.1 cases, the vast majority of these cases receive only a 2-level reduction; 3- and 4-level reductions are rarely applied.

U.S.S.G. Amendments to the Sentencing Guidelines, April 30, 2025, effective November 1, 2025. (https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202505_RF.pdf)

The District Court committed clear error when it overruled any mitigating role reduction under §3B1.2. Each of the non-exhaustive factors outlined in U.S.S.G. §3B1.2 cmt. N.3(C) were factually established by a preponderance of the

evidence. When compared to the co-Defendants, Erica Mack was the least culpable of those involved in the conduct of the group. A mitigating role reduction under §3B1.2 for the Appellant is exactly what the Sentencing Commission envisioned when it amended this provision in 2001, 2011, 2015, and 2025. As a result of the clear error, a remand for re-sentencing is warranted.

**ISSUE TWO RESTATED**: Whether the district court erred in failing to grant an offense level reduction to Ms. Mack's offense level pursuant to U.S.S.G. §2D1.1(b)(17) and §2D1.1(a)(5).

**Standard of Review**:

Generally, this court reviews a District Court's application of the Sentencing Guidelines de novo. *United States v. Cedillo–Narvaez,* 761 F.3d 397, 401 (5th Cir.2014). "Whether [a defendant] was a minor or minimal participant is a factual determination that we review for clear error." *United States v. Villanueva,* 408 F.3d 193, 203 (5th Cir.2005). The district court's refusal to grant a reduction for minimal or minor participant status is entitled to great deference. *United States v. Devine,* 934 F.2d 1325, 1340 (5th Cir.1991).

**<u>Argument</u>**

The District Court's error in overruling §3B1.2 mitigating role was compounded when the Court overruled a reduction under U.S.S.G. §2D1.1(b)(17) and §2D1.1(a)(5).

U.S.S.G. §2D1.1(b)(17) reads:

> (17) If the defendant receives the **4**-level ("minimal participant") reduction in §3B1.2(a) and the offense involved all of the following factors:
>
> (A) the defendant was motivated by an intimate or familial relationship or by threats or fear to commit the offense and was otherwise unlikely to commit such an offense;
>
> (B) the defendant received no monetary compensation from the illegal purchase, sale, transport, or storage of controlled substances; and
>
> (C) the defendant had minimal knowledge of the scope and structure of the enterprise,
>
> decrease by **2** levels.

Each factor of §2D1.1(b)(17) has been established by a preponderance of the evidence. The Appellant and Henry III were in an intimate relationship during the commission of the drug conspiracy and as a result of their relationship, share a daughter together, making them family. (ROA.25-20347.283). During the Appellant's sentencing, the District Court noted her minimum criminal history (ROA.25-20347.182 and 25-20347.300).

As previously discussed, the Appellant received no monetary compensation for her role in the conspiracy. (ROA.25-20347.356). Erica Mack did not receive

nor did she participate in any "illegal purchase, sale, transport, or storage of controlled substances." §2D1.1(b)(17)(B).

Lastly, no evidence was presented to support the notion Ms. Mack understood the scope of Henry III's and Duncan's drug operation. To the contrary, all the evidence indicated she was lied to by Henry III throughout the relevant time period. It was impossible for Erica Mack to be informed of Henry III's drug operation as he withheld most of his business dealings from her because as the Government's evidence demonstrated, co-Defendants Henry III and Daniels kept "their circle tight", even from the Appellant. (ROA.25-20347.356). Thus, she had no knowledge of the scope and structure of the enterprise. The Appellant satisfied each factor in §2D1.1(b)(17) but was still denied a two-level decrease in her offense level calculation.

Due to the District Court's error in overruling §3B1.2 mitigating role minimal participant, §2D1.1(b)(17), her scoring calculations were therefore in error under §2D1.1(a)(5). The Appellant's offense level was scored at 38 and not decreased to a level 32 under §2D1.1(a)(5). The District Court then failed to decrease her offense level by 2 under §2D1.1(b)(17)(A, B, & C) to a level 30. Finally, the failure of the Court to award minimal participant under §3B1.2 prevented the Appellant's offense level being reduced to a level 26. With a criminal

history category I, the Appellant's sentencing guidelines would have been 63-78 months.

## CONCLUSION

The Court should vacate the sentence of 108 months imposed and remand with instructions to re-sentence the Appellant as a minimal participant under U.S.S.G. § 3B1.2, §2D1.1(b)(17), and §2D1.1(a)(5).

Respectfully submitted,

LAW OFFICE OF ROMY B. KAPLAN

*/s/ Romy B. Kaplan*

Romy B. Kaplan
Texas Bar 24077851
5300 Memorial Drive, Suite 750
Houston, TX 77007
Office: 281-969-3725
Fax: 713-224-6008
Email: RomyBK@makethemproveit.com

## CERTIFICATE OF SERVICE

I certify that on December 2, 2025, a copy of the brief has been served on Assistant United States Attorney Carmen Castillo Mitchell by CM/ECF.

*/s/ Romy B. Kaplan*
Romy B. Kaplan

## CERTIFICATE OF COMPLIANCE

Pursuant to FED. R. APP. P. 32(g) and 5th CIR. R. 32.3, the undersigned certifies:

1. This document complies with the word limit of FED. R. APP. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this document contains 4,556 words.
2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in Times New Roman size 14 font.

*/s/ Romy B. Kaplan*
Romy B. Kaplan